## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT TAYLOR,

      Petitioner,

-vs-                                  Case No.  8:08-CV-774-T-30MAP

WALTER A. MCNEIL, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## **ORDER**

Before the Court is Petitioner's Motion to Compel (Dkt. 14) in which he asks the Court to order the Respondent to provide him with copies of all the exhibits Respondent filed with the Court in support of his response to Petitioner's federal habeas petition.  A review of the list of exhibits (Dkt. 9)[1] reveals that Respondent has filed the documents required by Rule 5, Rules Governing Section 2254 Cases (2008), to wit, the state court record on appeal and the documents related to Petitioner's applications for state post-conviction relief.

Relying on the decision in *Thompson v. Greene*, [2] and cases cited therein, Petitioner asserts that he is entitled to a copy of Respondent's exhibits pursuant to Rule 5, Rules

---

[1]Counsel for Respondent certified that a copy of the Master Index of Appendix was served on Petitioner.

[2]*Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Pindale v. Nunn*, 248 F. Supp. 2d 361, 364 (D. N.J. 2003); *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)).

Governing Section 2254 Cases (2008). Petitioner's reliance on the Fourth Circuit's opinion in *Thompson* in support of his argument is unpersuasive.  As the *Thompson* court noted, Rule 5, Rules Governing Section 2254 Cases (2008), does not explicitly require service of the exhibits. *Thompson*, supra, at 268-69. *See also Pindale v. Nunn*, 248 F. Supp. 2d at 364 (same).

Rule 11, Rules Governing Section 2254 Cases (2008), permissive rather than mandatory, provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Habeas Rules], *may be applied* to a proceeding under these rules" (emphasis added).  Likewise, Rule 81(a)(2), Fed. R. Civ. P., provides, in pertinent part, that the Federal Rules of Civil Procedure "are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, *to the extent that the practice in such proceedings is not set forth in statutes of the United States*, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings." Fed. R. Civ. P. 81(a)(2) (emphasis added). Congress has addressed circumstances under which the clerk may provide copies of documents from the record to a petitioner without cost in a federal habeas proceeding:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250 (2008).  In the instant case, Petitioner has not sought or been granted leave to proceed in forma pauperis in this Court.

As discussed, the documents Petitioner seeks are state court records Respondent was required to file with the Court under Rule 5(d), Rules Governing Section 2254 Cases (2008). Petitioner has not identified with specificity any document filed by Respondent that is not already in his possession, much less demonstrated that he has made any effort to obtain copies of the documents from the state court.  Moreover, according to Petitioner's sworn statement (Dkt. 1 at 7), he was represented by counsel at the time of his plea, at the time of sentencing, on direct appeal, and during post-conviction proceedings. Having prosecuted a direct appeal, Petitioner should have a copy of the state court record. If not, Petitioner should contact appellate counsel to secure a copy thereof, and contact post-conviction counsel for copies of post-conviction documents and pleadings.

**ACCORDINGLY**, the Court **ORDERS** that Petitioner's Motion to Compel (Dkt. 14) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on December 15, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
          Counsel of Record