# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ROBERT D. TAYLOR,**

    **Petitioner,**

v.                                             Case No.  8:08-CV-774-T-30TBM

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

    **Respondent(s).**
_____/

## ORDER
## and
## NOTICE OF EVIDENTIARY HEARING

THIS CAUSE comes before the Court upon Robert D. Taylor's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. #38), the Respondent's Response (Dkt. #49), and Petitioner's Reply (Dkt. #52). On February 23, 2011, the Court heard oral argument on Petitioner's ineffective assistance of counsel claims. Upon consideration of the arguments made and upon being otherwise advised in the premises, the Court concludes that an evidentiary hearing is necessary on Petitioner's claim that counsel was ineffective for failing to file a motion to disqualify the state court judge (Judge Tharpe).

Petitioner presented this claim in his rule 3.850 motion and it was summarily denied by the state court solely under *Strickland's* prejudice prong. *See Strickland v. Washington*,

466 U.S. 668 (1984). Respondent argues, in part, that the state court denied this claim because it was conclusory and suggests that it would be inappropriate for this Court to consider the claim at this stage, citing to 28 U.S.C. §2254(e)(2). However, the record reflects that the state court did not deny the claim because it was conclusory. Rather, based on the merits of the claim, the state court summarily concluded, (without setting the matter for an evidentiary hearing or even requiring a response from the State), that Petitioner did not establish prejudice. In doing so, the state court explained that Petitioner did not show that if his counsel had moved to recuse Judge Tharpe, Petitioner would not have persisted with his guilty plea and would have gone to trial.

The Court concludes that the state court acted unreasonably with respect to its analysis of *Strickland's* prejudice prong and in its failure to schedule an evidentiary hearing to ferret out the facts regarding Petitioner's claim in his 3.850 motion that he provided information to his counsel that would have supported a personal bias or prejudice of Judge Tharpe against Petitioner. Also, the record presented to the state court reflected facts sufficient to establish the prejudice prong. And the appropriate inquiry of prejudice would be whether, if Petitioner's counsel had moved to recuse Judge Tharpe, Petitioner would not have proceeded before a potentially biased Judge at his sentencing.

Accordingly, an evidentiary hearing on this ground is necessary.

This matter is hereby scheduled for an evidentiary hearing on **THURSDAY, JUNE 30, 2011, AT 9:00 A.M.** at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602.   Time reserved: Three (3) hours.

The Government is directed to transport Petitioner to the Tampa, Florida area at least ten (10) days prior to the hearing so that he may meet with his counsel and attend the hearing.

**DONE** and **ORDERED** in Tampa, Florida on March 10, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
United States Marshal

S:\Even\2008\08-cv-774.evid hrg2.wpd